# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-0555V**

JASON ALTSCHULER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 14, 2026

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 10, 2024, Jason Altschuler filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus/diphtheria/acellular pertussis vaccine received on April 20, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

On July 15, 2026, I issued a ruling on entitlement and partial ruling on damages, finding that Petitioner was entitled to compensation for SIRVA, and determining that he should be awarded $80,000.00 for pain and suffering and $4,605.92 for past unreimbursable expenses (ECF No. 25). I also determined that Petitioner was entitled to a portion of the requested lost wages, through November 26, 2021, and directed the parties to calculate this sum. *Id*. On September 14, 2026, Petitioner filed a status report stating that the parties are in agreement that Petitioner's lost wages through that date,

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

net of taxes, amount to $11,437.79 (ECF No. 28). Petitioner states that Respondent agrees with this calculation. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the July 15, 2026 ruling on entitlement and partial ruling on damages (ECF No. 25) and Petitioner's September 14, 2026 status report (ECF No. 28).

Pursuant to the terms stated in my July 15, 2026 ruling on entitlement and partial ruling on damages (ECF No. 25) and Petitioner's September 14, 2026 status report (ECF No. 28, **I award Petitioner a lump sum payment of $96,043.71 (comprised of $80,000.00 for pain and suffering, $4,605.92 for past unreimbursable expenses, and $11,437.79 for past lost wages), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.